The opinion of the court was delivered by
Huston, J.
In this action of dower, brought by Margaret Barnett, widow of Thomas Barnett, against Frederick Barnett, several pleas were pleaded, and issues thereon to the country. There was also a demurrer to.a replication of plaintiff, which was decided in favour of plaintiff below.
There were also several bills of exception to testimony, all of *54 which, except one, were abandoned in this court; and error was assigned in entering the judgment.
After several other pleas, the defendant pleaded in substance, that before the marriage of Thomas Barnett with the plaintiff, then Margaret Wingert, on the 26th of March, 1804, an agreement was entered into between them, and executed under the hand and seal of the said Margaret, by which it was stipulated, “that if the said marriage should take effect, and if the said Thomas should live ten years from that lime, that he would pay her four hundred pounds in full, and in lieu of her dower, and, that she agreed to and accepted the same in full of her dower, or third part of his estate; and said Frederick averred, that said Thomas did live ten years from the date of said marriage, viz., until the 14th of Jlpril, 1813. And Frederick further averred, that after the death of the said Thomas, the said Margaret, at November Term, 1814, instituted a suit against his personal representatives in Cumberland county, on the said agreement, and recovered the sum of one thousand four hundred and forty dollars from the estate of the said Thomas, as appeared by the record produced.
The plaintiff replied to this plea, to which the defendant demurred. The demurrer was decided for the plaintiff, and rightly. The replication took issue on all the facts. The defendant, however, alleged that to that part of the plea which stated the record of the suit in Cumberland, the only replication was nul tiel record. It is, however, apparent that although the plea stated as well the agreement as the suit on it, yet the bar, if any, arose from the agreement; and that the agreement and suit on it, the two facts put together, made but one plea. Besides, the plea itself was in more respects than one defective; and, as on demurrer you go back to the first error, the judgment must have been for the plaintiff.
On the trial the defendants offered this record in evidence. The narr. set out an agreement very different from that stated in the plea, and concluded by averring that the agreement was destroyed by time or accident. This record was objected to, and rejected by the court below, and rightly. The defendant, if he would not produce the agreement, ought to have proved that it existed at one time, that he had made inquiry for it, and could not find it, and ■then perhaps the recital made of it by the plaintiff herself in her suit in Cumberland might have been properly offered and read, to prove, as far as it went, the contents of it. From the notice of the paper, it was as much to be expected that the paper, or a counterpart of it, should have been kept by Thomas Barnett, as by the plaintiff, and search for it, by his personal representative, was necessary, and proof that it could not be found, in order to make out the plea of the defendant; for, I repeat it, if there was a defence, it arose on the article and not on the suit. The narr. did not state the agreement to contain any clause, by which she agreed to relinquish her dower.
*55 The verdict found for the plaintiff her dower, as stated in the declaration. The judgment was entered, that writ of seisin and inquiry of damages issue.
At common law there were no damages in dower. By the statute of Merton, (20 H. 3, c. 1,) it was enacted, “ That if a widow shall recover her dower of lands whereof her husband died seised, the tenant shall yield the damages, that is to say the value of the land from the time of the death of the husband, until the day she shall have judgment to recover seisin.” And the statute of Gloucester gives costs in all cases where the party is entitled to recover damages.
It is most usual for the jury who tries the cause, to find all the matters necessary to end the contest between the parties, and it must find the fact that the husband died seised, if he did so die; the time of his death, the value of the lands, and assess the damages on account of the detention of her dower, and costs; (see the form of verdict, 2 Saund. 331; Dennis v. Dennis, Bul. Ni. Pri. 116:) and she then has judgment to recover seisin of the third part of the premises, by metes and bounds, and the mesne profits and damages. If, however, the husband did not die seised, the jury ought to find it so expressly; or, where the jury do not find all the necessary facts, the omission may be supplied, generally, by a writ of inquiry. It might be doubtful, — if a jury found for plaintiff, and damages and costs, but omitted to find that husband died seised, — whether a writ of inquiry would supply the defect; but the party may remit the value of land from death and damages.
As the damages and costs are added by the statute to the judgment at common law to recover seisin, the judgment to recover seisin may be affirmed on a writ of error, and the rest of the judgment reversed, and a writ of error lies after judgment of seisin and before writ of inquiry and judgment thereon for damages. 2 Saund, 43. Williams v. Guiger, 3 Yeates, 000.
In this case the plaintiff has released all but the judgment of seisin. There is then no error, and the judgment for seisin is affirmed.
Judgment for seisin affirmed,